178 F.3d 497
 Keith E. PISCHKE, Petitioner-Appellant,
v.
Jon E. LITSCHER, Secretary of the Wisconsin Department of
Corrections, Respondent-Appellee.
Eddie Pettis, Petitioner-Appellant,
v.
Kenneth Sondalle, Respondent-Appellee.
Randy Handeland, Petitioner-Appellant,
v.
Kenneth Sondalle, Respondent-Appellee.
Mark D. Leslie, Petitioner-Appellant,
v.
Jon E. Litscher, Secretary of the Wisconsin Department of
Corrections, Respondent-Appellee.
Mark P. Neal, Petitioner,
v.
Kenneth Sondalle, Respondent.
Mark P. Neal, Petitioner-Appellant,
v.
Kenneth Sondalle, Respondent-Appellee.
 Nos. 98-4013, 99-1659, 99-1721, 99-1728, 99-1800, 99-1832
and 98-4148.
 United States Court of Appeals,
Seventh Circuit.
 Submitted April 21, 1999.
Decided May 21, 1999.
Reconsideration Denied June 22, 1999.
 
 Keith E. Pischke (submitted), Sayre, OK, for Petitioner-Appellant Pischke.
 Eddie Pettis (submitted), Fox Lake, WI, for Petitioner-Appellant Pettis.
 Randy Handeland (submitted), Fox Lake, WI, for Petitioner-Appellant Handeland.
 Mark D. Leslie (submitted), Sayre, OK, for Petitioner-Appellant Leslie.
 Mark P. Neal (submitted), Fox Lake, WI, for Petitioner-Appellant Neal.
 James E. Doyle, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent-Appellee in Nos. 98-4013, 98-4148, 99-1659, 99-1721, 99-1800 and 99-1832.
 Stanley W. Davis, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent-Appellee in No. 99-1728.
 Before POSNER, Chief Judge, and COFFEY and EVANS, Circuit Judges.
 POSNER, Chief Judge.
 
 
 1
 A number of inmates of Wisconsin state prisons have recently sought habeas corpus in the federal district courts in Wisconsin in order to invalidate, under the Thirteenth Amendment to the U.S. Constitution, a Wisconsin statute that authorizes the prison authorities to enter into contracts with private prisons in other states for the confinement there of Wisconsin prisoners. Wis. Stat. Ann. § 301.21(2m). Some of the petitioners have already been transferred pursuant to the statute and the others have been notified that they soon will be. All the petitioners seek certificates of appealability to enable them to challenge the district court's denial of their petitions. One of them also seeks leave to file a third petition for habeas corpus challenging his transfer.
 
 
 2
 Wisconsin is a proper venue for the petitions, 28 U.S.C. § 2241(d), and it is possible to seek habeas corpus with respect to a detention not yet commenced. Maleng v. Cook, 490 U.S. 488, 493, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970); Peyton v. Rowe, 391 U.S. 54, 64-65, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). The petitions had, nevertheless, to be dismissed, and certificates of appealability have to be denied, because habeas corpus cannot be used to challenge a transfer between prisons, Falcon v. United States Bureau of Prisons, 52 F.3d 137, 139 (7th Cir.1995); Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991), unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about what in Graham we called "a quantum change in the level of custody." Id. We illustrated with a prisoner seeking "the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." Id. Even in such a case, the prisoner is unlikely to have a good claim that he has been deprived of his liberty. Sandin v. Conner, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). But that is a different question from whether the proper vehicle for presenting the claim is habeas corpus, which it is if but only if the prisoner is seeking to "get out" of custody in a meaningful sense. And that is not argued here. The challenge here is not to being in custody, but to the location in which one is in custody.
 
 
 3
 These "petitions for habeas corpus" really then are challenges under 42 U.S.C. § 1983 to the conditions in which the inmates are being held or will be held in the private prisons to which they have been or will be transferred. Graham v. Broglin, supra, 922 F.2d at 381-82; Falcon v. United States Bureau of Prisons, supra, 52 F.3d at 139. People lawfully in custody still have constitutional rights which they can seek to vindicate by suits under section 1983 for damages or injunctive relief. But they must comply with the requirements of the Prison Litigation Reform Act, which differ in a number of respects (including filing fees) from the habeas corpus statute. Some of the district judges, though recognizing that these suits are really section 1983 suits, processed them as habeas corpus suits, the form in which the suits had been filed. The judges may have been influenced by our rulings that when a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be "converted" into a habeas corpus suit and decided on the merits. Moore v. Pemberton, 110 F.3d 22 (7th Cir.1997) (per curiam); Copus v. City of Edgerton, 96 F.3d 1038 (7th Cir.1996) (per curiam). It should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once. Conversion from habeas corpus to civil rights is somewhat less problematic, because section 1983 does not in general require exhaustion of state remedies. But dismissal of a 1983 suit will often count as a "strike" that may preclude future such suits (three strikes and you're out, in prisoner litigation as in baseball). Warned of this possibility, a prisoner might decide not to proceed under section 1983 after all, but instead to drop his claim.
 
 
 4
 In light of these considerations, and without prejudice to revisiting the issue of conversion from habeas corpus to section 1983 in a case in which the issue is briefed, we shall affirm the orders of the district court as simple dismissals of these prisoners' habeas corpus applications. That will leave them free to refile their claims as civil rights suits under section 1983. But they would be foolish to do so. They will merely waste their money and earn a strike. The claims are thoroughly frivolous. The Thirteenth Amendment, which forbids involuntary servitude, has an express exception for persons imprisoned pursuant to conviction for crime. Nor are we pointed to or can think of any other provision of the Constitution that might be violated by the decision of a state to confine a convicted prisoner in a prison owned by a private firm rather than by a government. A number of cases assume the propriety of such confinements, Richardson v. McKnight, 521 U.S. 399, 405, 407, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997); Spencer v. Lee, 864 F.2d 1376, 1378 (7th Cir.1989) (en banc); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir.1996); one judge has said the practice is constitutional, Pinaud v. County of Suffolk, 52 F.3d 1139, 1161-62 (1995) (separate opinion); and to our knowledge no judge has opined to the contrary. The Wisconsin statute authorizing transfers to private prisons requires those prisons to adhere to "the same standards of reasonable and humane care as the prisoners would receive in an appropriate Wisconsin institution," Wis. Stat. Ann. § 301.21(2m)(a)(7), and no evidence has been presented that this requirement is being or will be flouted, let alone that the private prisons will fall below federal (Eighth Amendment) standards for the treatment of prisoners. A prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Let Wisconsin prisoners have no doubt of the complete lack of merit of their Thirteenth Amendment claims.
 
 
 5
 The applications for certificates of appealability, for leave to proceed in forma pauperis, and for leave to file a third petition challenging the legality of the transfers are all
 
 
 6
 DENIED.