**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY EDWARD POULOS,

      Petitioner-Appellant,

v.

MARK MCKINNA, Warden,

      Respondent-Appellee.

No. 99-1563
(D.C. No. 99-Z-1137)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

      Petitioner-Appellant Jerry Edward Poulos, proceeding pro se, appeals from

the denial of his petition for habeas corpus in federal district court and seeks a

certificate of appealability. Mr. Poulos was convicted and sentenced in state

court in Wyoming. He was transferred from a state prison in Wyoming to the

private Crowley County Correctional Facility in Colorado pursuant to a contract

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

between Wyoming and Crowley County. Mr. Poulos filed a petition for habeas corpus with the Federal District Court for the District of Colorado pursuant to 28 U.S.C. § 2241, arguing that his involuntary transfer violated Wyoming law, Colorado law, and his constitutional rights under the Due Process Clause and the Supremacy Clause. He claims the transfer violated Wyoming law because he was not transferred in accordance with the provisions of the Western Interstate Corrections Compact. He claims the transfer violated Colorado law because Crowley County lacks authority under Colorado law to enter into a contract to house prisoners from other states. Mr. Poulos seeks immediate release from custody under the theory that Wyoming lost or waived jurisdiction over him when he was transferred to the Crowley County Correctional Facility.

The district court construed Mr. Poulos's § 2241 petition as filed under 28 U.S.C. § 2254 because it consisted of claims challenging his custody under order of a state court. Although Mr. Poulos had not exhausted his state remedies for the claims asserted in his habeas petition, the district court denied the petition on the merits pursuant to 28 U.S.C. § 2254(b)(2).

On appeal, Mr. Poulos contends the district court erred in construing his § 2241 petition under § 2254. Section 2241 is used to attack the *execution* of a sentence. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997). Section 2254, on the other hand, is used to attack the *validity* of

a conviction and sentence. Id.; see also Cooper v. McKinna, No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000) (unpublished disposition). Poulos attacks the execution of his sentence as it affects the fact or duration of his confinement in Colorado. Having reviewed Poulos's application for a COA, his appellate brief, the district court's orders, and the entire record on appeal, this court treats the petition as one arising under § 2241. See Montez v. McKinna, No. 99-1347, 2000 WL 342235, at *2 (10th Cir. April 3, 2000). We find, however, that it is unnecessary to remand to the district court for reconsideration of Poulos's claims under § 2241.

First, we agree with the district court that Poulos's state law claims are not properly asserted in his federal habeas corpus action, because "'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S.62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990)).

Second, we find Poulos's claims that the transfer violated due process and the Supremacy Clause without merit. Neither the Due Process Clause nor the Supremacy Clause is implicated in Mr. Poulos's transfer. "A prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity." Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir.), cert. denied, 120 S.Ct. 379 (1999).

We DENY Poulos's request for a certificate of appealability and DISMISS this appeal.[1] We also DENY Mr. Poulos's motion for In Forma Pauperis status because we find that the appeal does not present a reasoned, nonfrivolous argument.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[1] A certificate of appealability is required for all state prisoners filing under either § 2241 or § 2254, whenever the detention complained of arises out of process issued by a State court. See Montez, 2000 WL 342235, at *3.