**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**APR 7 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

---

THUAN M. NGUYEN,

     Petitioner-Appellant,

v.

MARK MCKINNA, Warden at
Crowley County Correctional Facility,

     Respondent-Appellee.

No. 99-1408
(D.C. No. 99-Z-1474)
(Colorado)

---

## ORDER AND JUDGMENT*

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Thuan Nguyen, appearing pro se, appeals from the denial of his petition for

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus in federal district court and seeks a certificate of appealability. He was originally incarcerated on state criminal charges in Washington state and later transferred to a private prison, the Crowley County Correctional Facility (CCCF), in Colorado. Mr. Nguyen filed a petition for habeas corpus with the Federal District Court for the District of Colorado pursuant to 28 U.S.C. § 2241, claiming that the Washington Department of Corrections lacked the authority to transfer him to the CCCF, the CCCF lacked authority to incarcerate prisoners from other states, and the transfer violated his constitutional rights. The district court construed the petition as filed under 28 U.S.C. § 2254 because it consisted of claims challenging Mr. Nguyen's custody under order of a state court, and then denied all of his claims. We review a district court's denial of a habeas corpus petition de novo. *See Hawkins v. Hargett*, 200 F.3d 1279, 1281 (10th Cir. 1999).

On appeal Mr. Nguyen contends the district court erred in construing his petition under section 2254. He is correct. Section 2241 is used to attack the *execution* of a sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Section 2254, on the other hand, is used to attack the *validity* of a conviction and sentence. *Id.*; *see also Cooper v. McKinna*, No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000). Here, as in *Cooper*, Mr. Nguyen does not challenge his conviction and sentence, but rather alleges that he was illegally transferred to an out-of-state private prison. Accordingly, he

properly filed his petition under section 2241. *See Montez v. McKinna*, No. 99-1347, 2000 WL 342235, at *2 (10th Cir. April 3, 2000). We need not, however, remand for reconsideration of Mr. Nguyen's claims under section 2241.

Mr. Nguyen devotes considerable effort to the argument that his transfer from the Washington state prison system to the private Colorado facility at which he is presently incarcerated violated the laws of both states. These allegations are not cognizable in a section 2241 proceeding, which grants relief only when a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).[1] We agree with the district court's adoption of *Pischke v. Litscher*, 178 F.3d 497 (7th Cir. 1999), in which the court stated that it could think of no provision of the "Constitution that might be violated by the decision of a state to confine a convicted prisoner in a prison owned by a private firm rather than by a government." *Id.* at 500; *see also Karls v. Hudson*, No. 99-6006, 1999 WL 314640 (10th Cir. May 19, 1999). As the court

---

[1]Although Mr. Nguyen asserted below that his transfer violated Art. 1, § 10 of the United States Constitution, he has not pursued this argument on appeal and we therefore deem it abandoned. Mr. Nguyen also appears to argue that his continued incarceration is unlawful because Washington state lost jurisdiction over him and had no authority to continue his confinement after his allegedly improper transfer. To the extent that this claim may be viewed as based on the Constitution, it is without merit. *See Blango v. Thornburgh*, 942 F.2d 1487, 1490 (10th Cir. 1991) ("Criminal jurisdiction over a state's inhabitants remains with the respective states and territories under whose jurisdiction the prisoners were originally sentenced.").

stated in *Pischke*, "[a] prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity." *Id.* at 500-01 (citing *Olim v. Wakinekona*, 461 U.S. 238 (1983)). Accordingly, Mr. Nguyen is not entitled to relief under section 2241.[2]

Finally, we reject Mr. Nguyen's assertion that the district court erred in denying his claim without issuing a show cause order or providing him an evidentiary hearing. Because the constitutionality of Mr. Nguyen's transfer is a purely legal matter which can be resolved on the basis of his petition, the court did not err. *See United States v. Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994); 28 U.S.C. § 2243.

We **DENY** Mr. Nguyen's request for a certificate of appealability and **DISMISS** this appeal.[3]

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[2]Mr. Nguyen's failure to show that the actions at issue violated any provision of the Constitution would be dispositive of a civil rights action filed under 42 U.S.C. § 1983 as well. Mr. Nguyen would therefore do well to heed the advice of the Seventh Circuit in *Pischke* and eschew a suit brought under that provision, as such a suit would merely waste his money and earn a strike. *See* 178 F.3d at 500.

[3]A certificate of appealability is required for all state prisoners filing under either section 2241 or section 2254, whenever the detention complained of arises out of process issued by a state court. *See Montez*, 2000 WL 342235, at *3.