**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD W. DAVIS, JR.,

      Petitioner - Appellant,

v.

RICK HUDSON,

      Respondent - Appellee.

No. 00-6115
(D.C. No. CIV-99-1868-T)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Pro se appellant Donald W. Davis, Jr., seeks a certificate of appealability to

challenge the dismissal of his habeas corpus action under 28 U.S.C. § 2241.  On

appeal, Davis asserts that the district court erred in rejecting his argument that he

is in custody in violation of the Constitution of the United States because his

transfer from a state-operated prison in Wisconsin to a privately-operated prison

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

in Oklahoma violated his rights under the Eighth, Thirteenth, and Fourteenth Amendments. In particular, he contends Wisconsin law creates a liberty interest in not being transferred to an out-of-state prison without the prisoner's consent. Although a Wisconsin lower court found a similar argument persuasive, the Wisconsin Court of Appeals has held otherwise. Adopting its holding as controlling state law, we conclude that Wisconsin law, like the federal Constitution and statutes, does not automatically prohibit non-consensual interstate transfer of prisoners, and therefore creates no cognizable constitutional liberty interest under the circumstances of this case. Because Davis advances only frivolous arguments in support of his legal position, we decline to grant a certificate of appealability, deny his motion to proceed in forma pauperis, and dismiss this appeal.

**I**

Davis, a convicted prisoner under Wisconsin law, sought relief from custody under 28 U.S.C. § 2241, claiming that Wisconsin, by transferring him to the custody of the privately-operated North Fork Correctional Facility in Saye, Oklahoma, deprived him of a liberty interest created by Wisconsin law and violated his right to be free from slavery and peonage. Following a magistrate's report and recommendation and Davis's objections thereto, the district court dismissed Davis's petition.

As a preliminary matter, we note that Davis properly brought the instant claim pursuant to 28 U.S.C. § 2241. Although the Seventh Circuit has held that habeas petitions challenging an interstate prison transfer should instead be brought as civil rights conditions-of-confinement suits under 42 U.S.C. § 1983, see Pischke v. Litscher, 178 F.3d 497, 499-500 (7th Cir. 1999), we have permitted a prisoner to bring such a claim under 28 U.S.C. § 2241, see Montez v. McKinna, 208 F.3d 862, 865-66 (10th Cir. 2000), and we are bound by that precedent. In the instant case, Davis does not merely challenge the location of his confinement, but affirmatively asserts that constitutional and statutory violations require his immediate release. Even such hybrid claims are cognizable under the habeas statutes rather than 42 U.S.C. § 1983. See Montez, 208 F.3d at 865 (stating that a § 2241 habeas petition also could be construed as attacking the continued validity of the petitioner's sentence).

A state prisoner bringing § 2241 claims must be granted a certificate of appealability ("COA") prior to being heard on the merits of the appeal. See Montez, 208 F.3d at 869. Because the district court did not act on the issue of COA, pursuant to our General Order of October 1, 1996, COA is deemed denied. Davis cannot be heard on this appeal unless he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## II

"[A]n interstate prison transfer . . . does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself." Olim v. Wakinekona, 461 U.S. 238, 248 (1983). [1] The constitution and federal law likewise do not per se prohibit interstate prisoner transfers. See Montez, 208 F.3d at 865-66. "Moreover, there is no federal constitutional right to incarceration in any particular prison . . . ." Id. at 866 (citations omitted). Finally, "claims of state law violations are not cognizable in a federal habeas action." Id. at 865 (citing 28 U.S.C. §§ 2241(c)(3), 2254(a)). Construing Davis's pro se petition liberally, however, we interpret his arguments regarding Wisconsin state law as an assertion that state law creates a liberty interest giving rise to federal due process protection.

Wisconsin law, however, does not create such a liberty interest. Insofar as Davis's claims can be interpreted as analogous to those endorsed in a decision by the circuit court for Dane County, Wisconsin, holding that Wis. Stat. Ann. § 301.21 does not provide the Wisconsin Department of Corrections with authority to transfer a prisoner out-of-state without his or her consent, that decision has been thoroughly repudiated by the Court of Appeals of Wisconsin.

---

[1] Davis nowhere alleges that he was transferred in retaliation for the assertion of a constitutional right, a situation that might implicate other constitutional protections.

- 4 -

See Evers v. Sullivan, No. 00-0127, 2000 WL 705340 (Wis. Ct. App. June 1, 2000). The highest Wisconsin state court to rule on the matter has held that "[t]he language of the statute plainly evinces a legislative intent to authorize the department to both enter into contracts with entities operating correctional facilities in other states, and to then transfer Wisconsin inmates for incarceration at those facilities pursuant to those contracts." Id. at ¶ 9; see also id. at ¶ 13 (rejecting the argument that a judgment of conviction sentencing an inmate to "the Wisconsin state prisons" precludes transfers by the Department of Corrections to an out-of-state facility pursuant to a contract under Wis. Stat. Ann. § 301.21). Although we are not bound by the dictates of an intermediate state appellate court, we may view its decision as persuasive as to how the state's highest court might rule. See Perlmutter v. United States Gypsum Co., 4 F.3d 864, 869 n.2 (10th Cir. 1993). We conclude that Evers correctly anticipates how the Wisconsin Supreme Court would rule, and therefore hold that Wisconsin law creates no liberty interest protected under the Due Process Clause in not being involuntarily transferred out of the state.

### III

Insofar as Davis's petition can be construed as advancing an argument that the transfer from Wisconsin prison to the privately-operated Oklahoma facility deprived both states of jurisdiction over his person, requiring his release, we

have already rejected a substantially analogous argument. See Karls v. Hudson, NO. 99-6006, 1999 WL 314640, at *1 (10th Cir. May 19, 1999) (unpublished), cert. denied, 120 S. Ct. 449 (1999). The only arguments Davis advances as to why we should not do the same today are frivolous. Cf. Montez, 208 F.3d at 865-66 ("Neither the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another." (citation omitted)).

## IV

Pischke rejected as "thoroughly frivolous" claims that the Thirteenth Amendment prohibits transfers to private out-of-state prisons pursuant to Wis. Stat. Ann. § 301.21(2m). See Pischke, 178 F.3d at 500 ("Let Wisconsin prisoners have no doubt of the complete lack of merit of their Thirteenth Amendment claims."); see also Montez, 208 F.3d at 866 n.4 (citing Pischke with approval). There is a very significant difference between a state permitting a private person to hold another in involuntary servitude and a state contracting with a private party to administer a facility for the execution of a lawfully-imposed term of imprisonment. By its express language, the Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime. See U.S. Const. amend. XIII. Because 18 U.S.C. § 1581(a) and 42 U.S.C. § 1994 implement the Thirteenth Amendment, see Pollock v. Williams, 422 U.S. 4, 17 (1944), it is equally apparent that those

laws are not violated when a state imprisons lawfully-convicted individuals in a private facility. Cf. United States v. Reynolds , 235 U.S. 133, 149 (1914) ("There can be no doubt that the state has the authority to impose involuntary servitude as punishment for crime."). While there might be circumstances in which the opportunity for private exploitation and/or lack of adequate state safeguards could take a case outside the ambit of the Thirteenth Amendment's state imprisonment exception or give rise to Eighth Amendment concerns, Davis's complaint presents us with no such factual allegations. See Montez , 208 F.3d at 866 & n.4; Pischke , 178 F.3d at 500; cf. Wis. Stat. Ann. § 301.21(2m)(a)(7) (requiring private prisons to adhere to "the same standards of reasonable and humane care as the prisoners would receive in an appropriate Wisconsin institution").

## V

Davis has not paid the required docket fee in this court, and moves for leave to proceed in forma pauperis. To prevail on a motion to proceed in forma pauperis, a petitioner must demonstrate "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812-13 (10th Cir. 1997) (quoting DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991)). Davis fails to raise such a

nonfrivolous argument, and his motion to proceed in forma pauperis is denied. We remind him of his obligation to pay the filing fee even on an appeal that has been dismissed.

Davis's motion to file exhibits is **GRANTED**; his requests for a certificate of appealability and to proceed in forma pauperis are **DENIED**; this matter is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge