**Jerald TREAT, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA, et al., Defendants– Appellees.**

No. 00–6000.

United States Court of Appeals, Sixth Circuit.

June 18, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; NELSON, Circuit Judge; RICE, District Judge.*

Pro se Wisconsin prisoner Jerald Treat appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit as frivolous. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. See Fed. R.App. P. 34(a).

---

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

Treat filed a 54–page complaint against the Corrections Corporation of America ("CCA"), other related private-prison businesses, several John Doe defendants, and multiple employees of CCA. Treat, who is incarcerated at the Whiteville Correctional Facility, claimed that the defendants violated his civil rights and state tort law and engaged in racketeering. Essentially, his complaint is a diatribe against privately-operated prisons in general and CCA specifically.

The district court granted Treat leave to proceed as a pauper, denied class certification, dismissed Treat's suit as frivolous, and certified that an appeal could not be taken in good faith.

In his timely appeal, Treat argues that the district court: (1) improperly applied the Prison Litigation Reform Act ("PLRA") to his suit because Whiteville is a privately-operated prison, and (2) that the court erred by dismissing his suit as frivolous.

As an initial matter, we note that Treat's first enumerated issue is patently meritless. The PLRA applies to privately-operated prisons. See, e.g., *Brown v. Bargery*, 207 F.3d 863, 865–66 (6th Cir.2000) (applying the PLRA to suit against a CCA-operated prison); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.) (stating that Wisconsin prisoners housed in private prisons in other states were required to comply with the PLRA when filing § 1983 suits), *cert. denied*, 528 U.S. 954, 120 S.Ct. 379, 145 L.Ed.2d 296 (1999); *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir.1991) (holding that when a state entity contracts with a private corporation to house inmates, the private corporation is performing a function traditionally attributable to the state and may be treated as acting for the state under color of law).

We review de novo a judgment dismissing a suit as frivolous under 28 U.S.C. § 1915(e). See *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A complaint is frivolous where it lacks an arguable basis either in law or in fact. See *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A sua sponte dismissal of a complaint is appropriate where the complaint is frivolous on its face. See *McGore*, 114 F.3d at 609.

Upon a thorough review of the pleadings, the district court's order of dismissal, and Treat's brief, we affirm the district court's judgment for the reasons stated by that court in its June 19, 2000, order of dismissal. Rule 34(j)(2)(C), Rules of the Sixth Circuit.