Carl R. BELETSKY, Petitioner–Appellant,

v.

Thomas G. BORGEN, Respondent–Appellee.

No. 01–2125.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2001 *.

Decided Oct. 17, 2001.

Rehearing and Rehearing En Banc Denied Dec. 13, 2001.

---

* This court granted the appellee's motion for noninvolvement, and accordingly this appeal has been submitted without the filing of a brief by the appellee. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed R.App. P. 34(a)(2).

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

## ORDER

Wisconsin inmate Carl Beletsky filed what he characterized as a petition for habeas corpus under 28 U.S.C. § 2241 after he was designated for transfer to a private prison located out of state. The district court denied relief, and we affirm.

Beletsky is serving a life sentence at Fox Lake Correctional Institution, where he participates in the state's only support group for Vietnam veterans with post-traumatic stress disorder. His objections to transfer include those we have rejected before, *see Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir.2000); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.1999), but his principal contention—and the only one he pursues on appeal—is that a transfer would threaten his participation in the veterans' support group and thus violate the Americans with Disabilities Act (ADA), 28 U.S.C. § 12101 et seq. Though Beletsky filed his petition more than two years ago, he remains at Fox Lake.

The district court viewed Beletsky's petition as one arising under 28 U.S.C. § 2254, but it is not. Despite Beletsky's frivolous suggestion that a *completed* transfer would extinguish Wisconsin's custody over him, his purpose in bringing his petition was to *prevent* the transfer, not to challenge the fact or duration of his present custody. Beletsky could have resorted to 42 U.S.C. § 1983 or to the ADA to pursue his objections to transfer, *see Moran*, 218 F.3d at 651, but neither § 2241 nor § 2254 was an appropriate vehicle for the relief he sought. And as this case illustrates, the difference between these provisions is not one of mere labels; Beletsky already had two strikes under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(g), and averted a third plus the higher filing fee for civil cases when he characterized his petition as one for habeas corpus relief.

We hasten to add that Beletsky should not misunderstand our statement that he *could have* proceeded under § 1983 or the ADA as an invitation to do so. Both *Pischke* and *Moran* make clear that Beletsky's constitutional arguments are "thoroughly frivolous." *Pischke*, 178 F.3d at 500; *see Moran*, 218 F.3d at 651. Moreover, to the extent Beletsky wants Wisconsin to "accommodate" his alleged disability by keeping him at Fox Lake where he can continue to participate in the veterans' support group, the eleventh amendment would foreclose any such action under the ADA in federal court. *See Walker v. Snyder*, 213 F.3d 344, 346–47 (7th Cir.2000), *cert denied*, 531 U.S. 1190, 121 S.Ct. 1188, 149 L.Ed.2d 104 (2001). Beletsky's only potential course of action under the ADA lies in state court. *See id.*

Since Beletsky's habeas corpus petition and his appeal of its denial are frivolous, he accumulates two strikes under the Prison Litigation Reform Act. 28 U.S.C.

§ 1915(g); *see also Moran,* 218 F.3d at 651–52. This brings Beletsky's total number of strikes to four. Accordingly he is barred from bringing future civil suits *in forma pauperis. See* 28 U.S.C. § 1915(g).

For the foregoing reasons, the judgment of the district court is AFFIRMED.