**Byron C. MOORE, Plaintiff–Appellant,**

v.

**Jon E. LITSCHER, et al.,**
**Defendants–Apellees.**

**No. 02–1461.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 27, 2002.*

Decided Dec. 9, 2002.

Rehearing Denied Jan. 21, 2003.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

ORDER

Wisconsin inmate Byron C. Moore filed this *pro se* suit pursuant to 42 U.S.C. § 1983 alleging in relevant part that he was denied due process in connection with his 22–month placement in the state's Supermax Correctional Institution. The district court dismissed Moore's complaint for failure to state a claim. Moore appeals, and we affirm.

Moore's § 1983 action arises out of his transfer to Supermax (now known as the Wisconsin Secure Program Facility) from Whiteville Correctional Facility, a private, contract prison in Tennessee. After Moore was charged with participating in a riot at Whiteville, a disciplinary committee at that institution found him guilty of insurrection, assaulting a hostage, and possession of contraband. On December 9, 1999, he was sentenced to 90 days disciplinary segregation, but the sanction was

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

never carried out at Whiteville, because, on the same day, a Program Adjustment Committee directed that Moore and other Wisconsin inmates accused of participating in the riot be removed from Whiteville. On December 10, 1999, Moore was transferred to Supermax, where he remained for 22 months. During most of that period Moore was held in administrative confinement; he asserts that he was finally removed to Kettle Moraine Correctional Institution after an investigation by the Wisconsin attorney general's office established that his placement at Supermax had been unwarranted.

On appeal Moore challenges the district court's dismissal of his claim that he was denied due process when he was transferred to Supermax and placed in administrative confinement. We review the dismissal *de novo*, viewing the facts in the light most favorable to Moore. *See De-Walt v. Carter*, 224 F.3d 607, 611–12 (7th Cir.1999). To prevail on a due process claim, a prisoner must first identify a federally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Thielman v. Leean*, 282 F.3d 478, 482 (7th Cir.2002). Prisoners do not have a federally protected liberty interest in being housed in a particular facility, *see Sandin*, 515 U.S. at 487, 115 S.Ct. 2293; *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Pischke v. Litscher*, 178 F.3d 497, 500–01 (7th Cir. 1999), or in any particular area within a facility, *see Sandin*, 515 U.S. at 487, 115 S.Ct. 2293; *Thielman*, 282 F.3d at 482. Thus, as a matter of federal constitutional law, Moore was not entitled to any due process protection before he was moved to Supermax and placed in administrative confinement. Though Moore insists that

his placement in Supermax violated Wisconsin law, a failure to comply with state procedural rules does not violate the federal constitution. *See Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir.2002). And while Moore's original complaint appears to include allegations that he was beaten by Whiteville guards after the riot that led to his transfer, and that conditions of confinement at Whiteville and at Supermax violated the Eighth Amendment, Moore has abandoned these arguments by failing to argue them in his brief on appeal. *See Williams v. REP Corp.*, 302 F.3d 660, 666 (7th Cir.2002). Accordingly, the district court properly dismissed Moore's due process claim.

AFFIRMED.