Thomas M. HEALY, et al.,
Plaintiffs–Appellants,

v.

State of WISCONSIN, et al.,
Defendants–Appellees.

Thomas M. Healy, Petitioner–
Appellant,

v.

Judy P. Smith, Respondent–Appellee.

Nos. 02–2189, 02–2658.

United States Court of Appeals,
Seventh Circuit.

Submitted April 29, 2003.*

Decided May 2, 2003.

* This court granted appellees' motion for an order of non-involvement on appeal due to lack of service in the district court and ordered that this appeal be submitted for decision without the filing of a brief by the appellees. After an examination of the appellants' briefs and the records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the appellants' briefs and the records. *See* Fed. R.App. P. 34(a)(2).

**568**

Before COFFEY, RIPPLE, and
DIANE P. WOOD, Circuit Judges.

**ORDER**

We held in *Pischke v. Litscher*, 178 F.3d
497, 500–01 (7th Cir.1999), that Wisconsin's
transfer of prisoners to private, out-of-
state prisons pursuant to Wis. Stat. Ann
§ 301.21(2m) does not violate the Constitu-
tion. Arguments to the contrary are frivo-
lous. We coupled that holding with a

warning that prisoners who persist in chal-
lenging § 301.21(2m) risk acquiring one or
more of the three "strikes" allotted them
by the Prison Litigation Reform Act, *see*
28 U.S.C. § 1915(g). *Id.* at 501.

Wisconsin prisoners Thomas
Healy and Freeman Willis did not heed
our warning. Instead, they challenged
Wisconsin's transfer statute in a civil
rights suit, 42 U.S.C. § 1983, purportedly
filed on behalf of all Wisconsin prisoners
threatened with out-of-state transfers–al-
though as nonlawyers Healy and Willis
may not represent anyone but themselves,
*see* 28 U.S.C. § 1658; *Lewis v. Lenc–
Smith Mfg. Co.*, 784 F.2d 829, 830–31 (7th
Cir.1986) (per curiam). Healy also raised
his constitutional challenges to
§ 301.21(2m) in a separately filed habeas
corpus petition under 28 U.S.C. § 2254.
The district court denied relief in both
cases, and issued Healy and Willis one
strike apiece. This consolidated appeal re-
sults in additional strikes, for the theories
Healy and Willis advance do not cause us
to doubt our ruling in *Pischke*. Their
Thirteenth Amendment argument was ex-
pressly rejected in that case, as was the
argument that they have a legally protect-
ed interest in the "identity of their keeper"
or in remaining in one state rather than
another during their incarceration. *See
Pischke*, 178 F.3d at 500. *See also Olim v.
Wakinekona*, 461 U.S. 238, 247–48, 103
S.Ct. 1741, 75 L.Ed.2d 813 (1983). Further-
more, inmates do not have a protected
liberty interest in a particular security
classification, *see Sandin v. Conner*, 515
U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d
418 (1995), so their claim that the Four-
teenth Amendment's Due Process Clause
requires a hearing before they can be
moved from a Wisconsin prison to an alleg-
edly more restrictive private prison is
without merit.

■ The district court's judgment in each appeal is AFFIRMED. Healy and Willis have each acquired two strikes in this litigation. Additionally, inmate Terence Thomas's motion to join as plaintiff in these appeals is DENIED.