**Michael A. HOLLON, Petitioner-Appellant,**

v.

**Zettie COTTON, Superintendent, Respondent-Appellee.**

No. 04–3025.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 1, 2005.*

Decided Feb. 2, 2005.

Michael A. Hollon, Pendleton, IN, pro se.

Steve Carter, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before MANION, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Indiana inmate Michael Hollon petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his due process rights were violated because he was sanctioned without evidence of his guilt. He received a suspended 6–month term of disciplinary segregation and two weeks' loss of telephone and commissary privileges for violating a prison regulation forbidding tattooing. In his petition, he maintained that the prison officers mistakenly concluded that he had altered an existing tattoo, when in fact, any change in its appearance was due to bruising and having been coated with baby oil. The district court dismissed his petition, and he appeals.

To qualify for a writ of habeas corpus under § 2254, Hollon must demonstrate that he is "in custody" as a result of the disciplinary action he challenges. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam); *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). But the sanctions of which he complains do not affect either the fact or the duration of his custody, so habeas relief is inappropriate. *See Montgomery v. Anderson*, 262 F.3d 641, 643–44 (7th Cir. 2001) (any constitutional challenges to a decision to impose a term of disciplinary segregation must be raised under 42 U.S.C. § 1983 when they can be raised at all); *see also Cochran v. Buss*, 381 F.3d

---

* On December 17, 2004, this court granted the appellee's motion for an order of noninvolvement due to lack of service of process in the district court. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

637, 639 (7th Cir.2004) (loss of telephone privileges affects the conditions and not the duration of custody and therefore cannot be the basis for a habeas petition). A § 2254 petition is proper only when the prisoner seeks to "get out" of custody in a meaningful sense. *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir.1999). Because the sanctions imposed against Hollon do not amount to "custody" within the requirements of § 2254, we AFFIRM the judgment of the district court.