UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 21, 2005[*]
Decided July 21, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1209

| | |
|---|---|
| SCOTT SMITH,<br>　　*Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| 　　*v.* | No. 1:04-cv-756-SEB-VSS |
| MARK BEZY,[**]<br>　　*Respondent-Appellee.* | Sarah Evans Barker,<br>*Judge.* |

**O R D E R**

 Scott Smith was an inmate at the United States Penitentiary in Terre Haute, Indiana, when he joined a brawl with several other prisoners in the recreation yard. The prison's Disciplinary Hearings Officer (DHO) sanctioned Smith with the loss of 27 days' good conduct time, as well as a period of disciplinary segregation and lost privileges.  Smith exhausted his administrative remedies and then petitioned the

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

[**] We substitute Mark Bezy, the current warden of the United States Penitentiary in Terre Haute, for his predecessor, Keith Olson.  *See* FED. R. APP. P. 43(c)(2).

district court for a writ of habeas corpus, 28 U.S.C. § 2241, arguing that the DHO denied him due process during his hearing.  Smith has since completed serving his federal prison time and was released on an Ohio detainer to begin serving a 13-year state sentence.  The district court denied the petition and Smith appeals.

The respondent first argues that Smith's appeal is moot because he is no longer a federal prisoner.  When a prisoner is released from incarceration, any challenge to the validity of his conviction or the length of his sentence becomes moot unless he continues to suffer collateral consequences that may be redressed in a petition for habeas corpus.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  A party asserting that a claim is moot bears a "heavy burden." *Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir. 2001).  The respondent has not met that burden here. The respondent has not informed us whether Smith remains on federal supervised release, which is a form of custody, *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001), or whether a favorable decision on his petition for habeas corpus could affect the length of any supervised release term.  We also do not know whether Ohio would credit any of the lost good conduct time against Smith's state sentence if he prevails on his § 2241 petition.  Thus we cannot be confident that Smith has nothing to gain from this appeal and, accordingly, proceed to the merits.

We begin by noting that in addition to challenging his loss of good conduct credits, Smith also claims that he should not have been placed in segregation or denied privileges.  But a petition for habeas corpus may be used only to challenge the fact or duration of a prisoner's confinement.  *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999).  Disciplinary segregation or a reduction in privileges affects the nature of the inmate's custody rather than its duration and, accordingly, may not be raised in a petition for habeas corpus.  *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001).  In contrast, a prisoner may file a petition for habeas corpus to challenge the loss of good time credits provided that he has a protected liberty interest in those credits.  *See Webb v. Anderson*, 224 F.3d 649, 651-52 (7th Cir. 2000).  Here, the respondent does not dispute that Smith has a liberty interest in his lost credits.

Smith first argues that the evidence that he was involved in a fight was insufficient to support the DHO's decision.  Due process requires that the DHO's decision to revoke Smith's good conduct credits be supported by "some evidence" in the record.  *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).  This is a "lenient standard." *Webb*, 224 F.3d at 652.  The DHO relied primarily on a report prepared by Lieutenant Brechbill, who investigated the brawl and stated that several correctional officers had seen Smith exchanging blows with another inmate.  Further, the report noted that Smith had a cut above his eye, a swollen lip, and abrasions on his cheek that were consistent with being in a fight. Lieutenant Brechbill's report provided adequate support for the DHO's finding that Smith participated in the brawl.  Although Smith denies his involvement and claims instead that he sustained his injuries when he lost his grip on a weight-

lifting bar while using an exercise machine and the bar struck him in the face, our task is not to reweigh the evidence that was before the DHO.  *Id.*  Some evidence supports the DHO's finding, and that is all due process requires.

Smith next argues that the DHO was biased against him.  An inmate has a right to a hearing before an impartial decisionmaker.  *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974).  Although the district court did not specifically address his contentions, Smith makes two separate allegations of bias.  First, he claims that the facility's warden told the DHO to find him guilty.  This allegation is utterly unsupported by any evidence in the record and, accordingly, fails.  Second, Smith claims that Lieutenant Brechbill remained in the hearing room after the hearing and suggests without elaboration that he must have told the DHO to find him guilty.  But the DHO submitted an affidavit stating that Lieutenant Brechbill did not remain behind.  Even if Brechbill was present in the room, this alone did not deprive Smith of an impartial hearing.  *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001).

AFFIRMED.