**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1307
_____

STEVEN A. JOHNSON,
                              Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1:16-cv-00013)
District Judge: Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2016
Before:  JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: June 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

 Stephen A. Johnson appeals pro se from an order of the District Court dismissing

his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  For the

reasons that follow, we will affirm the District Court's judgment.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Johnson is incarcerated at USP-Lewisburg within the Middle District of Pennsylvania. His habeas claims arise out of his transfer from USP-Atwater, in the Eastern District of California. First, Johnson claimed that his transfer violated his right to due process of law under the Fourteenth Amendment. Second, Johnson claimed that the use of hand restraints at USP-Lewisburg amounted to cruel and unusual punishment under the Eighth Amendment. Third, Johnson claimed that his confinement to his cell while USP-Lewisburg was on "lockdown" denied him access to the courts under the First Amendment. Johnson prayed for a declaration that these constitutional rights were violated and an injunction requiring his transfer to another federal facility. The District Court dismissed the petition without prejudice as raising non-cognizable claims, and Johnson appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of Johnson's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Section 2241 gives federal district courts the power to grant a writ of habeas corpus to prisoners within their jurisdiction who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To present a viable claim under § 2241, a prisoner must challenge the "execution" of his sentences. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Although we have characterized the precise meaning of execution as "hazy," we have said that such claims properly address the way a sentence is "put into effect" or "carr[ied] out[.]" Woodall v. Fed. Bureau of Prisons, 432

2

F.3d 235, 242-43 (3d Cir. 2005); Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that, in order for a prisoner to challenge the execution of his sentence under § 2241, he must allege that the "[Federal Bureau of Prisons'] conduct was somehow inconsistent with a command or recommendation in the sentencing judgment").

In this case, Johnson did not present a proper § 2241 claim. Johnson's allegations concern the fact of his transfer between two high-security prisons and the conditions of his confinement, not the manner in which the government is carrying out his sentencing judgment. See id.; Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [and not habeas corpus] is appropriate."). Although Johnson asserts that there are differences between the conditions at USP-Lewisburg and USP-Atwater, his transfer did not "cross[] the line beyond a challenge to . . . a garden variety prison transfer." See Woodall, 432 F.3d at 243 (holding that "[c]arrying out a sentence through detention in a [a community correction center] is very different from carrying out a sentence in an ordinary penal institution."); accord Pischke v. Litscher, 178 F.3d 497, 499-500 (7th Cir. 1999).

Consequently, we will affirm the District Court's judgment.