**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2018[*]
Decided June 14, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1401

| | |
|---|---|
| ROBERT MADAY, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 17 C 7808 |
| RANDY PFISTER, | |
| *Respondent-Appellee*. | Virginia M. Kendall, |
| | *Judge*. |

## O R D E R

Robert Maday is serving concurrent Illinois and federal sentences in an Illinois prison. He petitioned under 28 U.S.C. § 2241 to be transferred to a federal prison, and the district judge denied Maday's petition. The judge reasoned that he has no right to transfer to a federal prison now. We agree and affirm the judgment.

---

[*] The respondent was not involved in the district-court proceedings and is not participating in this appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

Maday's convictions have an intricate procedural history. In 2009 he pleaded guilty in federal court to committing several bank robberies. *United States v. Maday*, 799 F.3d 776, 777 (7th Cir. 2015). Before federal sentencing, Maday was due to be sentenced in state court for other robberies. While in transit to the state court, he escaped and committed various state and federal offenses, including a carjacking. *Id.* Maday eventually was captured, and, after the delayed state hearing was carried out, he received a 13-year sentence. *Id.* Then Maday pleaded guilty in state court to the carjacking and received a consecutive 30-year sentence. *Id.* Next were Maday's federal sentencing hearings: one before Judge Gettleman for the original bank robberies, and one before Chief Judge Castillo for new federal convictions stemming from Maday's escape. *Id.* at 777–78. Maday is serving a 32-year sentence imposed by Chief Judge Castillo that runs concurrently with his state sentences and a 5-year sentence imposed by Judge Gettleman that runs consecutively to his other sentences. *Id.* at 779–80; *United States v. Maday*, No. 1:08-cr-01075 (N.D. Ill.).

Maday was housed in a federal facility while his federal proceedings were ongoing. Once those ended in 2016, federal authorities transferred him to the Illinois Department of Corrections. The U.S. Marshals, Maday says, told him that this transfer would be temporary. When Maday questioned Illinois officials about his continued stay in state prison, they explained that he could be housed in state or federal prison because of his concurrent sentences. They added that federal authorities had placed him in a state facility and that when his state sentence ended he "will be picked up by the federal government." Maday filed this section 2241 petition in an effort to return to federal prison now. The district judge dismissed it, concluding that the federal Bureau of Prisons permissibly designated Maday to serve his federal sentence in an Illinois prison.

Maday argues here that he should not be detained in a state prison because the federal government has "primary jurisdiction" over him. Maday is referring to the rule that an inmate's federal sentence generally does not begin until he is in the federal government's primary custody. See 18 U.S.C. § 3585(a); *Pope v. Perdue*, 889 F.3d 410, No. 16-4217, at 8 (7th Cir. 2018). But the primary-custody doctrine does not restrict where a federal inmate serves his sentence, only when that sentence begins. Cf. *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000) (observing that Attorney General may designate state prison as the place of federal confinement so that federal sentence begins there, even if district judge did not impose a concurrent sentence). So that doctrine does not require Illinois authorities to transfer Maday to a federal prison.

Maday next argues that his state placement is unlawful because Chief Judge Castillo "ordered that [Maday] remain in federal custody" and "that he *not* be

transferred to" the Illinois Department of Corrections. This argument has three flaws. First, Maday may not bring this type of challenge to custody under section 2241, which covers only challenges "to being in custody, [not] to the location in which one is in custody." *Pischke v. Litscher*, 178 F.3d 497, 499–500 (7th Cir. 1999). Second, even if we ignored Maday's invocation of section 2241, he must lose on the merits because a transfer to a state prison does not by itself violate a constitutionally protected liberty interest. See *Olim v. Wakinekona*, 461 U.S. 238, 245–48 (1983). Third, Maday overstates the significance of the judge's statement that he would "remand Mr. Maday to federal custody" after sentencing. Placement in federal "custody" does not require physical placement in a federal facility. See 18 U.S.C. § 3621(b); *Olim*, 461 U.S. at 246–47; *Pope*, 889 F.3d 410, No. 16-4217, at 8–12. And even if the judge had designated a federal facility for Maday, the Bureau, which has plenary authority over placement decisions, would not be bound by that specification. See 18 U.S.C. § 3621(b) (sentencing judge's order "shall have no binding effect on the authority of the Bureau … to determine or change the place of imprisonment of that person"); *Tapia*, 564 U.S. at 331 ("A sentencing court can *recommend* that the BOP place an offender in a particular facility … . But decisionmaking authority rests with the BOP.").

Finally we have considered whether Maday may now argue that, when he is transferred to a federal prison after his state sentence ends, federal authorities might not credit him with the time that he served in state prison. That claim is not ripe. Maday does not assert that the Bureau has committed to treating his concurrent federal sentences as consecutive and detaining him longer than authorized. And as we have just explained, the Bureau has the authority to place Maday in a state facility while he is technically in federal custody, serving a federal sentence. See 18 U.S.C. § 3621(b).

AFFIRMED