# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 99-2006WM

———————

| | | |
|---|---|---|
| Charles Lee Clark, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court |
| | * | for the Western District |
| Bill Hedrick,* Warden, MCFP; | * | of Missouri. |
| United States Bureau of Prisons; | * | |
| and Tamer Khalil, Doctor, MCFP, | * | |
| | * | |
| Appellees. | * | |

———————

Submitted: October 30, 2000

Filed: December 5, 2000

———————

Before RICHARD S. ARNOLD, BEAM, and LOKEN, Circuit Judges.

———————

RICHARD S. ARNOLD, Circuit Judge.

---

*Bill Hedrick has succeeded P.W. Keohane as Warden of the United States Medical Center for Federal Prisoners at Springfield, Missouri, and he is therefore substituted as party appellee. See Fed. R. App. P. 43(c)(2).

This is an action under 28 U.S.C. § 2241, brought by Charles Lee Clark, a federal prisoner.[1]  Mr. Clark claims that the prison officials who are defendants are violating his rights under the Eighth Amendment through their deliberate indifference to his serious medical needs.  In particular, he asserts that he suffers from a disease known as chronic myelogenous leukemia (CML), that the appropriate treatment is an autologous bone marrow transplant (ABMT), and that the defendants are refusing, without good reason, to afford him this treatment.

The District Court dismissed the complaint, and we affirm.  The reasons may be briefly stated.  During the pendency of this appeal, Mr. Clark, who remains in federal custody, has in fact been allowed to take a step towards the ABMT.  Cells from his bone marrow have been harvested and stored in a freezer.  These cells will be available when and if Mr. Clark's condition takes a turn for the worse, and the need for the transplant arises.  In the meantime, he appears to be receiving appropriate treatment.

We recognize that difficulties may arise in the future.  Mr. Clark's condition may become acute at any time, and, when this happens, we understand that a transplant, if then medically indicated, must take place quickly.  Mr. Clark is concerned that the Bureau of Prisons will not do the transplant for him at public expense, and that, if the Bureau releases him for transplant purposes, the expenses to be paid by someone other than the Bureau of Prisons, he may not be released at a location close to the site where his cells are now stored.  Mr. Clark has 23 months left to serve on his sentence.  No one can say when his condition will become acute, although apparently it is agreed that at some point this will take place.

---

[1]Section 2241 is the general federal habeas corpus statute.  It occurs to us that the action might more properly have been brought as a <u>Bivens</u> claim, but we need not pursue the point.

We have to decide the case on the basis of the facts before us, and we are not permitted to speculate about the future. As matters now stand, Mr. Clark's cells have been harvested in an appropriate manner. We cannot say whether his condition will become acute while he is still incarcerated, nor do we know what treatment will be appropriate when that takes place, or whether the Bureau of Prisons will be willing to provide it. It is possible (for example, because of a heart condition) that the ABMT will not be the appropriate treatment when the time comes.

In these circumstances, we hold that there is no present violation of the Eighth Amendment. We remind the Bureau of Prisons that its policies in connection with transplants, if applied inflexibly, may raise constitutional questions. See Barron v. Keohane, 216 F.3d 692 (8th Cir. 2000).

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.