**Charles R. ROBINSON IV,**
**Plaintiff–Appellant,**

v.

**C. WALTER, et al., Defendants–**
**Appellees.**

**No. 99–2851.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 16, 2001.*

Decided Nov. 7, 2001.

Rehearing and Rehearing En Banc
Denied Dec. 12, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, EASTERBROOK, EVANS, Circuit Judges.

## ORDER

Federal prisoner Charles Robinson brought this action under 42 U.S.C. § 1983 claiming that Springfield police officers violated his constitutional rights by unlawfully searching his 1987 Chevy Camaro. The district court granted summary judgment for the defendants, finding that Robinson's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and by collateral estoppel. We affirm the grant of summary judgment on collateral estoppel grounds.

Around 3 a.m. on October 27, 1996, Robinson drove his Camaro to the drive-through lane of a Steak–N–Shake restaurant in Springfield, Illinois. While Robinson was in line waiting for his food, Defendant Christopher Walter, an off-duty Springfield police officer working security at the restaurant, approached Robinson's car. He informed Robinson that a Steak–N–Shake employee had reported that Robinson was driving with an open bottle of beer between his legs. Officer Walter told Robinson to remain in his car while he called for back-up. Defendants Jeremy Wooldridge and Gerry Castles, also Springfield police officers, arrived on the scene a short time later. After speaking with Robinson the officers searched the car and found an open beer bottle next to the passenger seat. In the center console they found two plastic "airline type sample bottles" of alcohol that had been modified for use as crack pipes. The officers handcuffed Robinson and his passenger, Heather Jo Carrell, and placed them in a squad car. They then searched the car more thoroughly and found cocaine and razor blades inside a cooler in the hatch, along with cash in both the car and Robinson's coat pocket totaling $7,190. The officers impounded the car, seized the evidence, and transported Robinson and Carrell to the police station.

Robinson was apparently released on bond (the record is spotty on this point) because less than two weeks later, on November 12, he was involved in two more drug-related incidents. Based on these incidents and the Steak–N–Shake arrest, Robinson was charged with three counts of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He pleaded not guilty.

Robinson moved to suppress the evidence seized in the Steak–N–Shake incident, arguing that the officers' search of the Camaro was unlawful because it was conducted without a warrant, probable cause, or his consent. At an evidentiary hearing on Robinson's motion, Officer Castles testified that he had been called to the Steak–N–Shake to investigate a report that Robinson was driving while under the influence of alcohol or had open alcohol in his car. The officer testified that when he spoke with Robinson he noticed a strong smell of alcohol coming from the car and that Robinson's eyes appeared "red, glazed, [and] bloodshot." He stated that Robinson admitted to have been drinking but denied having open alcohol in the car. Officer Castles also testified that he noticed what appeared to be several 20-ounce beer bottles protruding from a paper bag on the back seat. He stated that the officers then searched the car and found the open beer bottle three-quarters

full on the passenger side. The officers found the crack pipes in the center console; according to Castles, police searched the console because they believed it was large enough to hold a beer bottle. He stated that the cooler in the hatch area was partially open and lying on its side so that he could see, though not identify, the items inside. Believing there may have been open alcohol in the cooler, he opened it and found the cocaine and razor blades. He then noticed part of a baggie protruding from a removable side panel in the hatch. He removed the panel and discovered several bundles of cash, along with a baggie of cocaine.

Robinson also testified at the hearing and contradicted Officer Castles's testimony. He stated that none of the contraband had been in plain view. He denied that the 20-ounce beer bottles were visible from outside the car but agreed that the paper bag containing the bottles was visible. He denied that he had been drinking that night (and maintained that he told Officer Castles as much), that his eyes were bloodshot, or that there was an odor of alcohol in the car. He stated that the open beer bottle must have belonged to his passenger and denied knowing how the drugs and drug paraphernalia got in his car. He testified that his mother gave him the $7,190 cash, which he said he was saving up to rent an apartment and buy some furniture.

The district court denied the motion to suppress, crediting Officer Castles' testimony over Robinson's. The court concluded that the police had probable cause to search the Camaro based on the tip from the Steak–N–Shake employee and Officer Castles's observations. A jury subsequently convicted Robinson on all three counts of the indictment.

While Robinson's criminal case was pending, state officials initiated a forfeiture proceeding in Sangamon County Circuit Court against the Camaro and the $7,190. Robinson was represented by counsel, and the court heard evidence from witnesses, including Robinson, before determining that the items had been properly seized. Robinson appealed to the Illinois Appellate Court, which affirmed.

In September 1998 Robinson filed this § 1983 action, claiming that Springfield police violated his constitutional rights by searching his Camaro without a warrant, probable cause, or his consent. He also alleged that the search was triggered by the report of an "imaginary person," whom Robinson identified as Steak–N–Shake employee David Stroupe. Robinson alleged that Stroupe's failure to testify at the criminal trial or the forfeiture proceeding violated his right to confront the witnesses against him. He sought the return of his property and $10 million in punitive damages.

The court granted summary judgment in favor of the defendants on two grounds. First, the court held that Robinson was collaterally estopped from raising the claims in his complaint because the legality of the search had already been fully litigated at both the suppression hearing and the forfeiture proceeding. Second, the court concluded that Robinson's claims were barred by *Heck v. Humphrey* because, if successful, they would necessarily imply the invalidity of his criminal conviction. Robinson filed a timely notice of appeal.

The court properly concluded that Robinson's claims were barred by collateral estoppel. Under collateral estoppel—or "issue preclusion"—an issue actually and necessarily decided by a court of competent jurisdiction is conclusive in all subsequent legal actions involving a party to the prior litigation. *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir.2000). Issue preclusion can be used to bar a § 1983 plaintiff

from relitigating a Fourth Amendment search-and-seizure claim that he lost at a criminal suppression hearing. *See Allen v. McCurry,* 449 U.S. 90, 104–05, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Guenther v. Holmgreen,* 738 F.2d 879, 883 (7th Cir. 1984). For issue preclusion to bar a claim, four elements must be met: (1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action. *Adair,* 230 F.3d at 893.

The parties here dispute only the fourth element: whether Robinson was "represented" in the prior action. This element relates to notions of privity and a concept known as "virtual representation," where-by a person may be bound by a prior judgment even though not a party "if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." *Monfils v. Taylor,* 165 F.3d 511, 521 (7th Cir.1998). We need not delve into such issues, however, because Robinson was the defendant in the criminal case. The district court thus properly barred him from relitigating the legality of the search.

AFFIRMED.