# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2147

CHARLES R. ROBINSON, IV,

*Petitioner-Appellant,*

*v.*

WILLIAM A. SHERROD,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 09-cv-586–MJR—**Michael J. Reagan**, *Judge*.

SUBMITTED NOVEMBER 30, 2010—DECIDED JANUARY 26, 2011

Before EASTERBROOK, *Chief Judge,* and POSNER and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge.* Charles Robinson, a federal inmate, brought this habeas corpus action claiming that the prison medical staff has refused to investigate his complaints of back pain, and seeking an order that the staff schedule a diagnostic MRI and administer appropriate medication until the source of his back pain was discovered and treated. The district court dismissed the

action without prejudice on the ground that the federal habeas corpus statute cannot be used to challenge conditions of confinement. See 28 U.S.C. § 2241(c)(3).

And so we had held, with specific reference to complaints about medical care, in *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); see also *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Yet *Clark v. Hedrick*, 233 F.3d 1093 (8th Cir. 2000), had addressed the merits of a federal inmate's habeas corpus action complaining about lack of medical care, while saying, rather oddly, that "it occurs to us that the action might more properly have been brought as a *Bivens* claim, but we need not pursue the point." *Id*. at 1093 n. 1. A number of other court of appeals cases likewise have allowed conditions of confinement to be challenged in an action for habeas corpus, even when, as in this case (and unlike such cases as *Docken v. Chase*, 393 F.3d 1024 (9th Cir. 2004), and *Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000)), the challenge could not affect the duration of the petitioner's confinement even indirectly. E.g., *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-44 (3d Cir. 2005).

We noted in *Glaus* that the Supreme Court had "left the door open a crack" for prisoners to use habeas corpus to challenge a condition of confinement. 408 F.3d at 387; see *Nelson v. Campbell*, 541 U.S. 637, 644-46 (2004); *Bell v. Wolfish*, 441 U.S. 520, 526 n. 6 (1979); *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). But *Bell* and *Preiser* merely reserve the question noncommittally, while *Nelson* is a sport far removed from a routine challenge to prison

conditions. The question in that case was whether habeas corpus could be the vehicle for challenging the method of capital punishment employed by a state; the choice of method would not affect the duration of the sentence (eternity, in the case of capital punishment) directly, but could do so indirectly if the state declined to substitute a permissible method. When there isn't even an indirect effect on duration of punishment (as in *Docken* and *Montez*, as well as *Nelson*), we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions. See *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

Robinson thus made the wrong choice in seeking relief under the habeas corpus statute. The district court, on its own initiative, considered interpreting Robinson's pleading as a civil rights complaint but decided not to do so because he hadn't exhausted the administrative remedies that such a complainant is required by 42 U.S.C. § 1997e(a) to exhaust. But we think it worth reminding the district courts not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent, not here sought or given. *Glaus v. Anderson*, *supra*, 408 F.3d at 388. It's not like recharacterizing a tort suit as a suit for breach of contract, since, as explained in *Glaus*, a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future

filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.

Although the dismissal of Robinson's suit was proper, his complaint of back pain remains unaddressed and this raises the question of what legal remedy he might have. The district court thought it would be a suit under either *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, or, as in *Manning v. United States*, 546 F.3d 430 (7th Cir. 2008), and *Harris v. United States,* 422 F.3d 322 (6th Cir. 2005), both (though a judgment under the tort claims act precludes relief under *Bivens*, 28 U.S.C. § 2676; *Arevalo v. Woods*, 811 F.2d 487, 490 (9th Cir. 1987)).

The tort claims act is normally the easier route for a federal prisoner to pursue what amounts to a malpractice claim than *Bivens* is. *Myles v. United States*, 416 F.3d 551, 553 (7th Cir. 2005). But Robinson wants equitable relief, not damages. It is odd to seek equitable relief in what amounts to a malpractice case, but damages might be an inadequate remedy for debilitating, constant, and perhaps increasing pain; imagine the deliberate, gratuitous refusal of the prison's medical staff to set an inmate's broken leg, as a result of which it was predictable that the leg would be permanently deformed. Monetary relief may be worth much less to prison inmates than to other persons, moreover, if their release date is remote.

The tort claims act doesn't authorize equitable relief. 28 U.S.C. § 1346(b)(1); *Estate of Trentadue v. United States*, 397 F.3d 840, 863 (10th Cir. 2005); see 28 U.S.C. § 1346(b); *Hatahley v. United States*, 351 U.S. 173, 182 (1965). But the Administrative Procedure Act does, 5 U.S.C. § 702; the Federal Bureau of Prisons is subject to that act; *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008); *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1239 (10th Cir. 2005); and so federal inmates can in principle invoke the APA to obtain an order for medical treatment. *Glaus v. Anderson*, *supra*, 408 F.3d at 387. But none of the medical services provided by the Bureau of Prisons—whether set forth in the 6000 Series of Program Statements covering staff and inmate health services, see *6000 Series (Medical, Dental, and Health)*, BOP: Policy Locator, www.bop.gov/DataSource/execute/dsPolicyLoc (all websites cited in this opinion were visited on Dec. 29, 2010); in published regulations, see 28 C.F.R. §§ 549.10-.66; or in Clinical Practice Guidelines, see *Clinical Practice Guidelines*, Bureau of Prisons Health Care Research, www.bop.gov/news/medresources.jsp—would provide succor to an inmate like Robinson who wants a judicial order compelling a diagnostic evaluation of, and treatment for, his back pain.

Program Statements are internal statements of Bureau of Prison policies that can be altered at will, and not being adopted through rulemaking procedures, 5 U.S.C. § 553(b)(3)(A), do not create entitlements enforceable under the APA. E.g., *Reno v. Koray*, 515 U.S. 50, 61 (1995); *Miller v. Henman*, 804 F.2d 421, 426 (7th Cir. 1986); *United States v. Alameda Gateway Ltd.*, 213 F.3d 1161, 1168 (9th

Cir. 2000). The same holds for the Clinical Practice Guide-lines, and anyway they are limited to a list of medical protocols that does not include diagnosis of or treat-ment for back pain. See Federal Bureau of Prisons, *Clinical Practice Guidelines: Preventive Health Care* 1, 13-14 (Apr. 2009), www.bop.gov/news/PDFs/phc.pdf. Neither do the Bureau's regulations on inmate medical care cover testing or treatment for back pain. See 28 C.F.R. §§ 549.10-.66.

That brings us back to *Bivens*. Robinson's allegation that prison officials are deliberately ignoring serious undiagnosed back pain states a claim under the Eighth Amendment, see, e.g., *Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008); *Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir. 1997), and prospective relief is available in a *Bivens* suit. *Glaus v. Anderson*, *supra*, 408 F.3d at 389. This is not to suggest that *Bivens* is a gap-filler, available whenever a plaintiff seeks a particular remedy, not provided for by any statute or regulation, for a constitutional viola-tion by federal officers. *Bivens* is under a cloud, because it is based on a concept of federal common law no longer in favor in the courts: the concept that for every right conferred by federal law the federal courts can create a remedy above and beyond the remedies created by the Constitution, statutes, or regulations. No more; even if the alternative remedy is inferior to the *Bivens* remedy (a suit for damages against federal officers), it can be made exclusive. *Hui v. Castaneda*, 130 S. Ct. 1845, 1854-55 (2010).

For "any freestanding damages remedy for a claimed constitutional violation has to represent a judgment

about the best way to implement a constitutional guarantee; it is not an automatic entitlement no matter what other means there may be to vindicate a protected interest, and in most instances we have found a *Bivens* remedy unjustified." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). "[O]n the assumption that a constitutionally recognized interest is adversely affected by the actions of federal employees, the decision whether to recognize a *Bivens* remedy may require two steps. In the first place, there is the question whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages. But even in the absence of an alternative, a *Bivens* remedy is a subject of judgment: 'the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counseling hesitation before authorizing a new kind of federal litigation.' " *Id*. (citations omitted).

*Carlson v. Green*, 446 U.S. 14 (1980), however, which held that the Federal Tort Claims Act is not the exclusive remedy for constitutional torts by federal officers, has never been overruled, and so remains available to Robinson—or rather, remained so; he has failed to exhaust the available administrative remedies. 28 C.F.R. §§ 542.10-.19; U.S. Dept. of Justice, Federal Bureau of Prisons, Program Statement 1330.16—*Administrative Remedy Program* (Dec. 31, 2007), www.bop.gov/policy/ progstat/1330_016.pdf. That failure made a *Bivens* suit premature. 42 U.S.C. § 1997e(a); *Dale v. Lappin*, 376 F.3d

652, 655 (7th Cir. 2004); *Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001); *Nyhuis v. Reno*, 204 F.3d 65, 66, 78 (3d Cir. 2000). And it would have barred any alternative form of relief as well—whether under section 2241 of the Judicial Code, the Federal Tort Claims Act, or the Administrative Procedure Act. The district court explained all this yet Robinson still appealed, and his obduracy marks the appeal as frivolous and gives him his third strike under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004). (He incurred one when the district court dismissed his complaint for failure to state a claim in *Robinson v. Walter*, No. 3:98-cv-03208 (C.D. Ill. June 24, 1999), and a second when we affirmed that dismissal. 21 F. App'x 505 (7th Cir. 2001).)

There is a further wrinkle. Robinson is still, we may assume, suffering from severe, untreated back pain. The pain could get worse. Does our dismissal forever bar him from relief for what may be a violation of the Eighth Amendment? Because the dismissal of the present suit was without prejudice, res judicata (claim preclusion) will not bar a future suit based on identical grounds. Collateral estoppel (issue preclusion) will bar relitigation of the grounds on which the present suit was dismissed. E.g., *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000); *Okoro v. Bohman*, 164 F.3d 1059, 1062-64 (7th Cir. 1999); *In re Sonus Networks Inc., Shareholder Derivative Litigation*, 499 F.3d 47, 59 (1st Cir. 2007); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999). But there has been no ruling on the merits of his claim, and so if he refiles his suit as a *Bivens* suit after

exhausting his Bureau of Prison remedies the suit can proceed even if his pain grows no worse, though because he has accrued three strikes he cannot sue *in forma pauperis*—which would excuse him from having to pay the filing fee up front rather than in installments, 28 U.S.C. § 1915(b)—unless he can show that he is "under imminent danger of serious physical injury." § 1915(g); see *Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1172 (7th Cir. 2010).

AFFIRMED.