NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 9, 2013[*]
Decided December 10, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-1196

| | |
|---|---|
| CARL TISTHAMMER, *Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 12-cv-1266-DRH |
| JEFFERY S. WALTON, *Respondent-Appellee.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

Carl Tisthammer, an inmate at the federal penitentiary in Marion, Illinois, applied for a writ of habeas corpus under 28 U.S.C. § 2241, contending that prison officials were deliberately indifferent to his serious medical needs by denying him acid reflux and pain medication. He asserted that he had been prescribed and received those

---

[*]The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

medications while imprisoned at other facilities, but officials at Marion cancelled his prescriptions and told him to buy over-the-counter medications instead.

The district court dismissed Tisthammer's petition without prejudice because the federal habeas corpus statute may not be used to challenge conditions of confinement. *See* 28 U.S.C. § 2241(c)(3). The court declined to recast Tisthammer's action as a civil rights complaint, explaining that a civil rights complaint would subject him to a higher filing fee and a possible "strike" if the court determined it to be frivolous. The court advised Tisthammer that he could re-file the suit as a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On appeal Tisthammer glosses over the district court's explanation and maintains that the denial of medical services he experienced amounts to deliberate indifference. But a habeas corpus petition is not the appropriate vehicle to challenge prison conditions or medical care. *See, e.g., Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011); *Glaus v. Anderson*, 408 F.3d 382, 386–88 (7th Cir. 2005); *Alejo v. Heller*, 328 F.3d 930, 937 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 499–500 (7th Cir. 1999). Prisoners may use habeas corpus petitions to challenge the duration or fact of their confinement, *see Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991), but because Tisthammer's allegations center on medical care and do not remotely affect the duration or fact of his imprisonment, the district court properly dismissed his petition. *See Robinson*, 631 F.3d at 840–41; *Glaus*, 408 F.3d 388. If he wishes to pursue his claim further, he should ensure he has exhausted the prison's administrative procedures and file a civil rights complaint under *Bivens*.

His request for appointment of counsel is denied and the district court's judgment is AFFIRMED.