NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2015[*]
Decided February 11, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2827

| | |
|---|---|
| LUKE KELLER, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 14-cv-00680-DRH |
| | |
| JAMES CROSS, | David R. Herndon, |
| *Respondent-Appellee*. | *Judge.* |

**O R D E R**

Luke Keller, a federal prisoner, appeals the sua sponte dismissal of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. He principally contends that the prison violated due process in a disciplinary hearing by failing to disclose photos that supported his defense. Because he asserts that he timely requested the photos and describes how they exculpate him, we vacate in part and remand to the district court for further proceedings.

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

In September 2011, Keller was charged with fighting another inmate, a violation of the Bureau of Prison's disciplinary code. *See* 28 C.F.R. § 541.3, Table 1, Offense 201. A prison officer wrote in the incident report that he had "observed Inmate Keller . . . striking [another inmate] in the head and upper torso with closed fists." Prisons may discipline inmates who engage in violence even if the inmate did so to protect himself. *See Jones v. Cross,* 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs v. Jordan,* 485 F.3d 934, 938–39 (7th Cir. 2007).

At his disciplinary hearing, Keller denied fighting. He testified that the other inmate attacked him and that he threw "no punches." Another inmate who witnessed the event testified that Keller was attacked but never fought back. The hearing officer considered Keller's testimony that he had not punched the inmate but credited the account of two staff members who testified that they saw Keller "throwing punches with closed fists." The hearing officer noted that Keller did not submit any documentary evidence. Based on the evidence presented, the officer found Keller guilty and disciplined him with twenty-one days of disciplinary segregation, a loss of fourteen days of good-time credit, and a withdrawal of ninety days of phone privileges.

In his administrative appeal to the regional director, Keller protested the hearing officer's refusal to view the video and photo recordings of the incident and its aftermath. He argued that at his hearing "the video wasn't reviewed and no pictures of [the other inmate] were provided when I requested them." Keller elaborated that he had asked the hearing officer to consider photos of him and his attacker. According to Keller, those photos, which were taken after the fight, corroborate that Keller had not punched the inmate because they show that Keller's face was injured but that the other inmate's face was not. Without addressing the issue of the requested photos, the director denied the appeal. He stated only that Keller "did not request any video be reviewed at any stage of the disciplinary process." The director concluded that the hearing officer had relied on sufficient evidence to find Keller guilty. Keller appealed that denial to the central office, repeating that the video "wasn't viewed" and "what I have asked for twice now was for pictures of [the inmate] to be viewed because I didn't strike him." The central office denied his appeal.

After exhausting his administrative appeals, Keller petitioned the district court under § 2241 for a writ of habeas corpus to restore his good-conduct credit. He advances two related contentions: substantial evidence did not support the finding of guilt and the hearing officer never reviewed the photos and surveillance video. Maintaining that he

never struck the inmate, Keller asserts under oath that when the inmate grabbed his shirt and punched him in the face, Keller only "raise[d] his hands to block and obstruct" the punches and moved backwards to protect himself. The district court summarily dismissed Keller's petition under Rule 4 of the Rules Governing Section 2254, which also applies to § 2241, *see* 28 U.S.C. foll. § 2254, 1(b), concluding that the petition was meritless.

On appeal Keller presses his claim that his right to due process was violated because the hearing officer did not view the requested photos or surveillance video at his hearing. Had the officer done so, Keller argues, substantial evidence would not have supported the hearing officer's finding of guilt.

If timely requested, material exculpatory evidence must be disclosed in prison disciplinary proceedings, *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) ("*Piggie I*"), unless the evidence would "unduly threaten institutional concerns," *Jones*, 637 F.3d at 847 (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *id.* at 848; *Scruggs*, 485 F.3d at 941, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). The disciplinary officer cannot "arbitrarily refuse to consider exculpatory evidence simply because other evidence in the record suggests guilt." *Piggie I*, 277 F.3d at 922 (citation and quotation marks omitted). The material must be disclosed "to ensure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) ("*Piggie II*"). But inmates must request the evidence before or at the hearing, since due process does not require hearing officers to consider evidence that could have been but was not presented at the hearing. *See Piggie I,* 277 F.3d at 925; *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Keller's petition suffices to require a response from the Bureau. He asserts that at the hearing he asked the hearing officer to review the photos that reveal his assailant's unscathed face, but his request was ignored. If this assertion is true, then Keller's request was timely. And if, as Keller maintains, the photos show that his attacker's face was unscathed, they are material. They could have undermined the accusing officers' testimony that Keller punched the inmate in the face with a closed fist and supported Keller's defense that he never struck the inmate. Therefore the district court must hear from the Bureau and determine if these factual premises are correct and necessitate a new prison hearing.

In dismissing Keller's petition, the district court mistakenly thought that Keller was arguing that he hit the other inmate in self-defense. If that were his argument, the photos would have been irrelevant. *See Jones*, 637 F.3d at 848; *Scruggs*, 484 F.3d at 940. But we think that Keller's defense is best read as denying fighting altogether, because he has consistently maintained both in his administrative appeals and in court that "I didn't strike him."

The surveillance video is another matter. Keller does not dispute the director's statement that he "did not request any video be reviewed at any stage of the disciplinary process." And in contrast to the photos, which Keller repeatedly insists that he requested at the hearing, Keller complains only that the video "should automatically be provided." But without having requested the video (or proffering a valid excuse for not seeking it), Keller "cannot now demand a new hearing based upon evidence that was available to him at that prior hearing." *McPherson*, 188 F.3d at 786.

Keller raises two other procedural challenges but neither has merit. First, Keller argues that several delays violated prison regulations and deprived him of due process. But the procedures contained in the prison regulations do not give rise to a liberty interest. *See Jones*, 637 F.3d at 846. Second, Keller argues that his hearing officer was biased and deprived him of a fair hearing because he conspired with an accusing officer by rescheduling the hearing and crediting that officer's testimony. But rescheduling a hearing and crediting one version of the facts over another does not constitute impermissible bias. *See White v. Indiana Parole Bd.*, 266 F.3d 759, 767–68 (7th Cir. 2001).

Keller raises a final argument—that prison officials were deliberately indifferent to his safety—but it is improper. He contends that they should have stopped the fight more quickly or prevented it altogether because they knew that other inmates had organized an attack on Keller after he became a confidential informant. But because this claim challenges the conditions of his confinement, not its fact or duration, Keller cannot use this petition to advance it. *See Robinson v. Sherrod*, 631 F.3d 839, 840–42 (7th Cir. 2011); *Glaus v. Anderson*, 408 F.3d 382, 386–87 (7th Cir. 2005).

We VACATE the district court's judgment insofar as it dismisses Keller's claim that the withholding of potentially exculpatory photos violated his right to due process, and AFFIRM the rest of the district court's judgment. This case is REMANDED for further proceedings consistent with this order.