**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2018[*]
Decided October 17, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 18-1203

| | |
|---|---|
| LUKE KELLER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 14-cv-00680-DRH-CJP |
| | |
| TOM WATSON, | David R. Herndon, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Luke Keller, a federal prisoner, appeals the denial of his petition for a writ of habeas corpus seeking to restore good-conduct credit that he lost after being disciplined for fighting with another inmate. *See* 28 U.S.C. § 2241. Keller argues that prison officials violated his right to due process by refusing to disclose exculpatory photographs that

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

he requested at his hearing. But because the hearing officer considered the photographs, Keller cannot establish a violation of due process, and so we affirm the judgment.

Keller was charged with fighting another inmate in the recreation yard. Two guards reported that both inmates took swings at each other with closed fists. Keller insists that he merely raised his arms to protect himself from the other inmate's blows. Another inmate corroborated Keller's account. At his disciplinary hearing, Keller asked James Pfeifer, the hearing officer, to see the photographs of both inmates taken shortly after the alleged incident and put them in the record. The photographs, Keller argued, would show that the other inmate suffered no injuries consistent with being hit by a closed fist and therefore would support Keller's contention that he did not strike him. According to Keller, Pfeifer refused his request. Pfeifer credited the guards' reports, found Keller guilty, and disciplined him with a loss of 14 days of good-conduct credit.

After exhausting his administrative remedies, Keller petitioned the district court for a writ of habeas corpus to restore his good-conduct credit. The district court summarily dismissed Keller's petition as meritless under Rule 4 of the Rules Governing Section 2254. *See* 28 U.S.C. foll. § 2254, 1(b) (explaining that a district court may apply § 2254 rules to other kinds of habeas-corpus actions). Keller appealed to this court, arguing that the denial of access to the photographs, among other things, violated his right of due process. We remanded the case and required an answer from the warden. *Keller v. Cross*, 603 F. App'x 488, 490 (7th Cir. 2015). We instructed the district court to determine the veracity of Keller's factual premise that "he asked the hearing officer to review the photos that reveal his assailant's unscathed face, but his request was ignored." *Id*. If Keller's account were true, we explained, the photos would have been material exculpatory evidence that the hearing officer should have considered.

On remand, the warden argued that Keller did not request the photographs because Pfeifer's note from the hearing states that Keller did not submit any documentary evidence. "More importantly," the warden asserted, the hearing officer *did* consider the photos. Pfeifer attested that the photographs of both inmates were part of the investigation report that supplemented the incident report (only the latter was given to Keller). He stated that it was his "practice" to review "all available materials" at disciplinary hearings. Pfeifer further attested, as his written decision reflects, that in this case he considered "the body of the incident report, memorandums by staff, medical evaluations, witness statements and the investigation that was conducted." He attested that after considering this evidence, he "determined that the greater weight of the evidence supported" Keller's guilt.

In his two declarations responding to the warden's answer, Keller swore: "I asked the hearing officer to require the production of and view the institution's photographs of the incident, which I believe would corroborate that the other inmate was the aggressor and that I did not strike him." He further attested that he first viewed the photographs only when the respondent attached them to the answer, but because they are poor-quality photocopies, only the original photographs would confirm that he had not struck the other inmate and undermine the correctional officers' reports.

The district court denied the petition, concluding primarily that the hearing officer permissibly gave greater weight to the officers' accounts and that "some evidence" supported the finding of guilt. The court did not make the findings that we had deemed important: whether Keller timely asked for the photographs; whether the hearing officer refused to review them; and whether the photographs "show that his attacker's fact was unscathed." *Keller I*, 603 F. App'x at 490. Keller appeals and again presses his argument that the hearing officer's failure to review and disclose the photographs violated his right to due process.

Prisoners faced with a disciplinary proceeding have a right to the disclosure of material exculpatory information if they request it before or at the hearing. *Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974); *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) ("*Piggie I*"). We are no closer now than we were in 2015 to knowing whether the photographs were exculpatory. The district court said nothing about the nature of the pictures, and the copies that appear in the record on appeal are of such low quality to be useless. We cannot discern whether the other inmate's face showed signs of injury.

If we assume that Keller timely requested the photographs and that they depict exactly what he says—the other inmate's pristine face and his bruised one—they therefore are exculpatory because they undermine the officer's accounts. *See Scruggs v. Jordan*, 485 F.3d 934, 941 (2007). But Keller still cannot demonstrate a due-process violation. Due process requires the disclosure of exculpatory evidence to ensure that an inmate can present relevant evidence to support his best defense and that the hearing officer will consider all the relevant evidence of guilt and innocence. *See Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) ("*Piggie II*"). Keller's defense that he did not strike the inmate was addressed because Pfeifer considered the photographs—something that Keller does not have evidence to dispute—along with Keller's statement and his witness's. As long as

Pfeifer reviewed the record, he was entitled to weigh the evidence as he saw fit.[1] Moreover, Keller cannot show that the reports by the two officers who witnessed the incident and the rest of the investigative record are insufficient to reach the low standard that "some evidence" support a conviction for a disciplinary infraction. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Because Keller was able to argue his best defense and because Pfeifer considered the entire investigative record, including the photographs, Keller cannot demonstrate a due-process violation.

We do not have a good explanation why, if we credit Keller, he was denied the opportunity to look at the photographs himself until the warden answered his habeas petition. But it ultimately does not matter because, as we have said, he cannot show that this harmed him at his hearing. *See Piggie II*, 344 F.3d at 678.

AFFIRMED

---

[1] We do not know, however, whether Pfeifer reviewed the original photographs or photocopies of good or poor quality. Pfeifer's affidavit is silent, and Watson dodges the issue in his brief. But we cannot find any utility in sorting this out. Pfeifer's affidavit makes clear he will not remember more details about the 2012 hearing, and Keller cannot provide any competent evidence that Pfeifer did not see the originals or good copies; he maintains (without personal knowledge) that Pfeifer did not view them at all. But Pfeifer viewed the photographs, and our assumption that they are exculpatory does not change the conclusion that Keller's due-process rights were not violated.