NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2019*
Decided June 24, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-1159

| | |
|---|---|
| ACHASHVEROSH ADNAH AMMIYHUWD, *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:19CV3 |
| MICHAEL R. POMPEO, Secretary of State, *et al.*, *Respondents-Appellees.* | Joseph S. Van Bokkelen, *Judge.* |

**O R D E R**

Federal officials denied Achashverosh Adnah Ammiyhuwd's application for a passport designating him as an ambassador or diplomat and identifying him as a dual citizen of the United States and the "Israelite-American national republic." Alleging that this decision effectively placed him in "Federal custody and slavery," he petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. He also asserted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C.

---

* We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

§ 1985, that employees at a federal courthouse violated his constitutional rights in obstructing his first attempt to file his petition. The district court denied the petition because Ammiyhuwd was not in the custody of the respondents and because he could not use a petition for a writ of habeas corpus to bring his civil rights claims. The court advised Ammiyhuwd that he would need to file new lawsuits (one for each of the unrelated sets of allegations and defendants) and, for each, pay the filing fee for civil actions rather than the $5.00 fee for habeas petitions.

On appeal, Ammiyhuwd maintains that he is in custody within the meaning of § 2241 because the refusal to issue him a passport is a "restraint" on his liberty. But Ammiyhuwd is not in federal prison, nor is he on probation or subject to the other formal restraints that have been recognized as "custody." *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *see also Maleng v. Cook*, 490 U.S. 488, 490–93 (1989); *Virsnieks v. Smith*, 521 F.3d 707, 717–18 (7th Cir. 2008) (discussing what constitutes "custody"). If he qualifies, Ammiyhuwd may be free to obtain a passport—just without being designated an ambassador, diplomat, or dual citizen. Because he is not in "custody" as that term is used in § 2241, his petition must be dismissed. *See al-Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir. 2004).

Ammiyhuwd also asserts that he should have been permitted to proceed on the constitutional claims that he asserted in his petition. But the district court was correct to dismiss those claims without prejudice. "When there isn't even an indirect effect on duration of punishment," a petition under § 2241 cannot be used to raise civil rights claims. *Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011); *Glaus v. Anderson*, 408 F.3d 382, 386–90 (7th Cir. 2005). Furthermore, Ammiyhuwd paid the filing fee for a postconviction action, not a civil action, so he was not entitled to bring the constitutional claims without first paying the proper fee or applying for pauper status. *See* 28 U.S.C. §§ 1914(a), 1915.

Finally, Ammiyhuwd has submitted a number of filings to this court, but it is unclear whether he seeks any relief. To the extent he seeks relief based on those filings, his request is DENIED. We have considered Ammiyhuwd's other contentions, but none merits discussion. We MODIFY the judgment to show that Ammiyhuwd's petition is DISMISSED and AFFIRM it as modified.