**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

PETER GEORGE NOE,

     Petitioner - Appellant,

v.

WARDEN CIOLLI,

     Respondent - Appellee.

No. 24-1369
(D.C. No. 1:24-CV-00121-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

This appeal grew out of a prisoner's efforts to earn credits. These credits could be used to expedite the prisoner's transfer to prerelease custody or supervised release.

The prisoner, Mr. Peter George Noe, earned some credits. But he wanted to earn more credits and claimed that authorities had stymied these

---

[*]    Oral argument would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

efforts. So Mr. Noe sought habeas relief. But the district court dismissed the action for three reasons:

1. The allegations were conclusory.

2. Mr. Noe couldn't bring a habeas action because relief wouldn't necessarily shorten the period of confinement.

3. The inability to earn credits wouldn't affect a liberty interest.

Mr. Noe doesn't question the first reason—the conclusory nature of his allegations. So we would need to affirm the dismissal even if we were to credit Mr. Noe's challenges to the district court's two other rationales. *Shook v. Bd. of Cnty. Comm'rs*, 543 F.3d 597, 613 n.7 (10th Cir. 2008). But we also agree with the district court's two other reasons for dismissal.

First, the court concluded that relief wouldn't necessarily shorten the length of Mr. Noe's confinement. For this conclusion, the court

- pointed out that a prisoner could use the credits to transfer from prerelease custody or to supervised release and

- concluded that application of the credits would thus not reduce the length of his sentence.

Mr. Noe insists that (1) supervised release would not constitute *custody* and (2) additional credits would automatically go toward supervised release.

But even if Mr. Noe is correct that supervised release does not constitute custody, he already has all of the credits that he could use toward supervised release. Under federal law, prisoners can use only 365

2

credits to transition to supervised release. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d)(3). And Mr. Noe already has at least 365 credits. R. at 229. So even if he earns more credits, he would need to use them for prerelease custody; and he doesn't question characterization of *prerelease custody* as the continuation of his confinement.

Mr. Noe argues in his reply brief that the district court should have recharacterized the challenge to his placement as a civil rights claim. But Mr. Noe didn't ask the district court to recharacterize his claim. And recharacterization as a civil rights claim could have disadvantaged Mr. Noe by increasing his filing fee, changing the proper party to be sued, triggering an exhaustion requirement, and making it more difficult to avoid prepayment of the filing fee in future cases. *See Nettles v. Grounds*, 830 F.3d 922, 935–36 (9th Cir. 2016) (en banc); *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011). Given the potential downside of a recharacterization as a civil rights claim, the district court didn't err by declining to change the nature of the action without Mr. Noe's consent. *See id.* (stating that district courts shouldn't "recharacterize a prisoner's petition for habeas corpus as a prisoner's civil rights complaint without his informed consent"); *see also Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014) (stating that the district court should consider the potential downside to the claimant when deciding whether to convert a habeas petition into a civil rights claim). After all, dismissal of the habeas action

3

wouldn't preclude a later civil rights action. *See Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) (holding that a civil rights action isn't subject to res judicata from the prior dismissal of a habeas action).

Second, Mr. Noe insists on a liberty interest in his right to earn credits. Even if he's right, his ability to use the credits would rest on speculation. Mr. Noe disagrees, arguing that he had a right to earn additional credits by participating in programs. Even if he were to participate in those programs, however, prison authorities would need to assess Mr. Noe's performance. 28 C.F.R. § 523.41(c)(2). As a result, the opportunity to earn additional credits wouldn't affect a liberty interest. *See, e.g.*, *Stine v. Fox*, 731 F. App'x 767, 769–70 & n.7 (10th Cir. 2018).[1]

Because one of the district court's rationales is unchallenged and the two other rationales are proper, we affirm the denial of habeas relief.[2]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] The government also questions Mr. Noe's ability to prove that he will maintain a low or minimum risk of recidivism (as necessary to use his earned credits). *See* 18 U.S.C. § 3624(g)(1)(B); 28 C.F.R. § 523.44(b)(2). Mr. Noe responds that the government has previously acknowledged the likelihood that he would be considered a low risk. We need not address this issue because Mr. Noe would lack a protected liberty interest even if he could show a right to apply his credits at the appropriate time.

[2] But we grant the motion for leave to proceed in forma pauperis.